UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
Eastern Division

| | |
|---|---|
| In re:<br><br>**OLD COLONY, LLC,**<br><br>　　　　　　Debtor. | Chapter 11<br><br>Case No. 10-21100-HJB |

**MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AUTHORIZING DEBTOR TO HONOR CERTAIN PRE-PETITION GUEST OBLIGATIONS**

Old Colony, LLC, the debtor in the within Chapter 11 reorganization proceeding (the "Debtor"), hereby moves this Court for entry of an Order authorizing the Debtor to honor certain pre-petition guest deposit obligations. In support of this Motion, the Debtor respectfully represents as follows:

**INTRODUCTION**

1. On October 11, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtor is continuing to operate its business and manage its property and assets as a debtor-in-possession.

2. The Debtor is a limited liability company formed in 2007 which has a principal place of business in Saugus, Massachusetts. The Debtor owns and operates an 83-room resort hotel located in Teton Village, Wyoming known as The Inn At Jackson

Hole (the "Inn"). Additionally, the Debtor leases space to a third party which operates a 60-seat restaurant located at the Inn.

## JURISDICTION

3. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ l57(b)(2)(A) and (O). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The relief requested by this Motion is authorized under Section 105(a) of the Bankruptcy Code.

## RELIEF REQUESTED

4. By this Motion, the Debtor seeks an order authorizing it to honor certain pre-petition guest obligations, comprised of room reservation deposits (the "Pre-petition Guest Obligations"). To the extent that the Pre-petition Guest Obligations relate to or are based upon executory contracts, the Debtor is not requesting that the Court approve the assumption of any such contracts at this time.

5. Like virtually all hotel operators, the Debtor typically collects advance deposits for room reservations from its prospective guests. It is customary for the Debtor to collect a deposit in an amount equal to one or two nights room charges depending upon the season and the length of the reservation. Thus, at any given point in time, the Debtor will have advance collections of room deposits which are later offset against actual room charges when the guest stay occurs. In order to continue uninterrupted operations, the Debtor must continue to honor pre-petition deposits made by guests during post-petition operations. Because a deposit constitutes a liability owed to guests (until such becomes non-refundable), the application of a pre-petition deposit to a post-petition room charge

technically constitutes the satisfaction of a pre-petition liability.  The honoring of such deposit obligations is absolutely essential to the Debtor's continued business operations.

**BASIS FOR REQUESTED RELIEF**

6. The Doctrine of Necessity provides for the honoring of pre-petition obligations as may be necessary to maintain the continuity of the Debtor's business. The United States Supreme Court first articulated the "necessity of payment rule" or "doctrine of necessity" over a century ago in *Miltenberger v. Logansport*, 106 U.S. 286 (1882). Recent decisions continue to rely on the Doctrine of Necessity to provide relief for pre-petition obligations:

> A debtor in possession, like a trustee, is a fiduciary holding the bankruptcy estate and operating the business for the benefit of its creditors and (if the value justifies) equity owners. Implicit in the duties of a Chapter 11 trustee or a debtor in possession as set out in Sections 1106 and 704 of the Bankruptcy Code is the duty of such a fiduciary to protect and preserve the estate, including an operating business' going concern value.

*In re CoServ*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002) (citation omitted); *see also In re Lehigh & New England Ry.*, 657 F.2d 570, 581 (3rd Cir. 1981).

7. The Court has authority to implement the Doctrine of Necessity and grant the relief requested herein pursuant to its equitable powers under Section 105(a) of the Bankruptcy Code. This section allows the Court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The purpose of Section 105(a) is to ensure a bankruptcy court's power to take whatever action "is appropriate or necessary in aid of the exercise of jurisdiction." 2 Collier on Bankruptcy §105.01, at 105-2 (l5th ed. 1993). The Debtor respectfully submits that the relief requested in this motion is critical to reorganizing the Debtor and is justified under Section 105( a) of the Bankruptcy Code.

8. In the present case, the loyalty and patronage of the Debtor's customers is critical to a successful reorganization. The Debtor participates in a competitive market and customer loyalty and continued patronage is essential to the Debtor's successful reorganization. Accordingly, it is vital that the Debtor be able to honor pre-petition guest deposits.

9. The Debtor believes that any disruption in services or failure to honor the Pre-petition Guest Obligations would result in cancellation of room reservations, adverse publicity and, ultimately, lack of faith in the Debtor's customer base.  This failure ultimately would threaten the Debtor's ability to maintain its operations and adversely impact its going-concern value. The Debtor's success depends a great deal upon its reputation and its goodwill with customers and prospective guests. Honoring Pre-petition Guest Obligations will benefit the creditors as well as the Debtors by preventing loss of goodwill and going business concern value.

10. In light of all of the foregoing, the Debtor submits that entry of an order authorizing it, at its option, to honor their Pre-petition Guest Obligations is necessary and appropriate to carry out the rehabilitative provisions of Chapter 11, and necessary to maintain the Debtors' going concern value.

**NOTICE**

11. Notice of this motion has been given to the United States Trustee for the District of Massachusetts, to the Debtor's secured creditors, to the Debtor's twenty largest unsecured creditors, to any taxing authorities to whom the Debtor may be indebted, and to other parties who may have requested notice. The Debtor submits that under the circumstances, no other or further notice is required.

12. No previous motion for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully prays that the Court:

1. Enter an order authorizing the Debtor, at its discretion, to honor Pre-petition Guest Obligations as provided herein; and

2. Grant such other and further relief as may be just and proper.

OLD COLONY, LLC

By its proposed counsel,

/s/ Donald F. Farrell, Jr.
Donald F. Farrell, Jr. (BBO 159580)
ANDERSON AQUINO LLP
240 Lewis Wharf
Boston, MA  02110
617-723-3600
dff@andersonaquino.com

Dated:  October 12, 2010.