### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS
#### Eastern Division

| | |
|---|---|
| In re: | Chapter 11 |
| **OLD COLONY, LLC,** | Case No. 10-21100-HJB |
| Debtor. | |

### MOTION OF CHAPTER 11 DEBTOR FOR AUTHORITY FOR CERTAIN POST-PETITION CASH MANAGEMENT ARRANGEMENTS

Old Colony, LLC, the debtor in the within Chapter 11 proceeding (the "Debtor"), hereby moves the Court for the entry of an order waiving compliance with certain of the local operating guidelines established by the United States Trustee ("U.S. Trustee") authorizing the Debtor to continue to utilize one pre-petition bank account which is used solely for the deposit of funds by its credit card processor, and for authority to maintain other post-petition accounts at institutions not included on the list of approved Chapter 11 depositories for Region One (Boston) of the United States Trustee's Office.  In support of this motion, the Debtor respectfully represents as follows:

#### Background

1.   The Debtor commenced this reorganization proceeding by the filing of a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code" or the "Code") on October 11, 2010 (the "Petition Date").

2.   The Debtor continues to operate its business and manage its affairs as a debtor-in-possession pursuant to Section 1107 and 1108 of the Bankruptcy Code.

3.   The Debtor is a limited liability company formed in 2007 and which has a principal place of business in Saugus, Massachusetts.  The Debtor owns and operates an 83-room resort hotel located in Teton Village, Wyoming known as The Inn At Jackson Hole (the "Inn").  Additionally, the Debtor leases space to a third party which operates a 60-seat restaurant at the aforesaid resort hotel premises.

4.   As a resort hotel facility, the vast majority of room fees and related charges are paid by means of customer credit card accounts.  In order to enable the processing of credit card charges for its benefit, the Debtor maintains a credit card merchant agreement with a credit card processor, Global Payments Direct, Inc.  Prior to the filing of its Chapter 11 petition, the Debtor maintained several bank accounts for use in connection with its business operations, including one account at Bank of Jackson Hole which the Debtor utilized for receipt of credit card payments (the "Merchant Bank Account").

5.   In conjunction with the institution of its Chapter 11 reorganization case, the Debtor proposes closing each of its pre-petition bank accounts with the exception of the Merchant Bank Account.  The Merchant Bank Account is utilized only for the receipt of funds from the Debtor's credit card processor, and no transfers are made out from the Merchant Bank Account other than transfers into the Debtor's operating bank accounts. There were no outstanding checks or other forms of outgoing transfers pending as of the Petition Date.

6.   Because the Merchant Bank Account has not been used as a daily operating account for the general disbursement of funds, no pre-petition obligations will be inadvertently paid as the result of maintaining the account on a post-petition basis. Moreover, maintaining the same bank account for post-petition deposits of credit card

proceeds will avoid possible confusion and disruption in the Debtor's collection of credit card payments.

7.   Although Bank Of Jackson Hole is not an approved depository bank for Region One of the United States Trustee's Office, the bank is FDIC insured, and the amount on deposit in the Merchant Bank Account at any one time would not exceed $250,000 due to the fact that the Debtor is able to clear the account on a regular basis and deposit the proceeds into a new post-petition operating account.  Thus, the Debtor submits that the foregoing complies with the requirements of 11 U.S.C. §345 as the deposit would be insured by a department, agency or instrumentality of the United States.

8.   In light of the foregoing, the Debtor respectfully submits that cause exists for the entry of an order authorizing the Debtor to continue to utilize its Merchant Bank Account at Bank of Jackson Hole on a post-petition basis for the purpose of collection of credit card proceeds.

9.   In addition to the maintenance of the pre-petition Merchant Bank Account, the Debtor wishes to maintain its post-petition DIP bank accounts at institutions not included on the U.S. Trustee's approved list of depositories for Boston.  Because of the Debtor's need to utilize operating accounts in the Jackson, Wyoming area, the choices of financial institutions which also have a presence in Massachusetts is limited.  In fact, only one institution with a presence in the Jackson, Wyoming locale is also on the U.S. Trustee Region 1 approved depository list.  The aforesaid institution, however, is also the Debtor's primary secured creditor, and for various reasons, the Debtor believes that it would be prudent to maintain estate funds at a different institution.

10.   The Debtor intends to close all pre-petition operating accounts (with the exception of the Merchant Bank Account discussed previously), and open new post-petition DIP accounts at either Bank of Jackson Hole or at Bank Of The West.  All such accounts would be new post-petition accounts such that there would no possibility of unintentional payment of pre-petition obligations through clearing of pre-petition drafts. Moreover, in addition to being FDIC insured financial institutions, the Debtor believes that both institutions are eligible participants in the Temporary Liquidity Guarantee ("TLG") program and the Transaction Account Guarantee ("TAG") program which provides unlimited insurance for non-interest bearing transaction accounts, and that neither institution has opted out of such program participation.  Thus, although the subject financial institutions are not included on the U.S. Trustee's list of approved depositories for Region One, the Debtor believes that maintaining its post-petition operating accounts at either institution would comply with the dictates of 11 U.S.C. §345 as the deposits would be insured by a department, agency or instrumentality of the United States.  The Debtor understands that the U.S. Trustee may desire certain additional banking reports be submitted by the Debtor in conjunction with its monthly operating reports, and the Debtor is certainly amenable to conditioning relief hereunder upon compliance with any additional reporting requirements that the U.S. Trustee may reasonably require.

WHEREFORE, the Debtor prays that the Court:

1.  Enter an Order authorizing the Debtor to continue to utilize the Merchant Bank Account post-petition;

2.   Enter an Order authorizing the Debtor to maintain its other post-petition bank accounts at institutions which are subject to the FDIC's unlimited deposit guaranty, but which may not be identified on the U.S. Trustee's list of approved depositories for Region One; and

2.   Grant such other and further relief as may be just and proper.

OLD COLONY, LLC

By its proposed counsel,

/s/ Donald F. Farrell, Jr.
Donald F. Farrell, Jr. (BBO 159580)
ANDERSON AQUINO LLP
240 Lewis Wharf
Boston, MA  02110
617-723-3600
dff@andersonaquino.com

Dated:  October 12, 2010.