UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| In re:<br><br>**OLD COLONY LLC,**<br><br>Debtor. | **Chapter 11**<br>**Case No. 10-21100-HJB** |

**SUPPLEMENTAL AFFIDAVIT OF JOSEPH CUZZUPOLI IN SUPPORT
OF DEBTOR'S MOTION FOR AUTHORITY TO USE CASH COLLATERAL**

Joseph Cuzzupoli, under the pains and penalties of perjury, hereby deposes and states as follows:

1. I am the managing member of Old Colony, LLC, the debtor herein ("Old Colony" or the "Debtor"). As managing member of Old Colony, I am familiar with the Debtor's day-to-day operations, business affairs and records. I am also authorized to submit this Supplemental Affidavit (the "Affidavit").

2. Old Colony was formed as a limited liability company on or about May 11, 2007. Approximately 73.14% of the ownership interests in Old Colony are held by me and John Bullock. Old Colony owns and operates an 83-room mountainside hotel located at 3345 West Village Drive, Teton Village, Wyoming, doing business under the name "Inn at Jackson Hole". The hotel's facilities include an outdoor heated pool, banquet facilities and on-site conference center with meeting rooms capable of accommodating groups of 5-100 people. Additionally, the Debtor leases premises to a third party operator of an on-site 60-seat restaurant and bar doing business as "Masa Sushi". The Debtor filed a voluntary petition for reorganization under Chapter 11 of the U.S. Bankruptcy Code on October 11, 2010 (the "Petition Date").

3. I submit this Affidavit in support of the Debtor's motion for authority to use cash collateral (the "Cash Collateral Motion"). The Cash Collateral Motion was initially filed on October 13, 2010 in connection with so-called "First Day Motions". A hearing was conducted by the Court on October 15, 2010 with respect to the Cash Collateral Motion. A stipulation between the Debtor and Wells Fargo Bank, N.A. was submitted at the October 15, 2010 hearing, pursuant to which the parties agreed to certain terms and conditions of the use of cash collateral for an interim period.

4. The Court scheduled a continued hearing with respect to the Cash Collateral Motion to be conducted on November 4, 2010, which was subsequently continued to November 15, 2010.

5. Attached hereto as Exhibit A is a revised cash flow / budget projection which was prepared by the operating personnel at the hotel, and which was filed previously with this Court on November 3, 2010.

6. Attached hereto as Exhibit B is a budget-to-actual comparison dated as of November 12, 2010 which reflects that the Debtor has operated on a cash positive basis since the Petition Date. In fact, as reflected in the attached exhibits, the Debtor has increased its cash position by approximately $70,000 since the Petition Date, and, as set forth on Exhibit A, the Debtor anticipates having cash on hand of approximately $191,000 as of January 16, 2011, resulting in an augmentation of cash on hand of approximately $160,000 from the Petition Date.

7. The Debtor has submitted confirmation of insurance to the U.S. Trustee which reflects that the Debtor maintains significant property and general liability insurance with respect to the hotel and its business operations.

8. I have reviewed the *Objection Of Wells Fargo Bank, N.A. To The Motion Of The Debtor-In-Possession For Authority To Use Cash Collateral* (the "Objection"). In the Objection, Wells Fargo Bank, N.A. ("Wells Fargo") makes various assertions which it believes supports the denial of the use of cash collateral by the Debtor.

9. As discussed at the November 4, 2010 hearing, one assertion made by Wells Fargo in the Objection was that the Debtor was unable to account for approximately $900,000 of pre-petition net operating income. As was reported to the Court, Wells Fargo premised its allegation on a comparison of cash on hand as of the Petition Date and a pre-petition profit and loss statement. Unfortunately, Wells Fargo did not fully reconcile the profit and loss statement in order to accurately compare actual cash balances prior to submitting the Objection. The failure to reconcile the statement resulted in the incorrect allegation that the Debtor was unable to accurately account for pre-petition revenues. Debtor's counsel expended a significant amount of time reviewing the allegations with the Debtor's management and accounting personnel, and met with Wells Fargo's representatives prior to the November 4, 2010 hearing to discuss the reconciliation that was necessary in order to tie out the cash held by the Debtor as of the Petition Date. As the Debtor reported to the Court of November 4, 2010, the Debtor believes that all amounts are properly accounted for when a proper reconciliation is performed.

10. Wells Fargo also alleges that the Debtor's property is not being adequately maintained based upon a so-called "property condition assessment" which Wells Fargo commissioned to be performed on its behalf. The aforesaid report concludes that the hotel is in "average" condition and functioning as intended, and further opines that certain maintenance or other capital improvement should be anticipated. A review of the report reveals that the major undertakings cited are repainting of certain exterior surfaces and replacement of the hotel's roof. The report states that the age of the roof is uncertain, but notes that the on-site engineer reports no structural or leak issues with the existing roof. The report further notes that the referenced engineer stated that the roof had been

examined recently and that a replacement might be required in the "next few years". To the best of my knowledge, there are no known problems with the existing roof, there are no leaks, and there is no need for immediate replacement.

11. Notwithstanding the contention of Wells Fargo to the contrary, the Debtor has not neglected maintenance and capital improvements of the hotel. In fact, in addition to customary maintenance, the Debtor expended approximately $150,000 in capital improvements during 2010. During the past year, the pool has been resurfaced, decking has been replaced, certain water valves have been replaced, and new carpets have been installed. The hotel has been properly maintained and is not deteriorating, and the Debtor has maintained the property appropriately.

12. In the Objection, Wells Fargo also notes that the Debtor's cash flow budget does not provide for U.S. Trustee fees or for real estate taxes. In fact, Wells Fargo is correct that the cash flow budget for the period ending January 16, 2011 does not reflect expenditures for the referenced items. The reason for the foregoing is simple – the projection submitted by the Debtor is a cash flow statement. Expenditures for U.S. Trustee fees and real estate taxes are not scheduled to be made during the period encompassed by the cash flow projections. It is my understanding that U.S. Trustee fees will initially be billed to the Debtor in January, 2011. Based upon the Debtor's anticipated disbursements through December, 2010, I anticipate that the fee will be approximately $4,875, and the Debtor will have sufficient funds on hand to make such payment on a timely basis. Similarly, I believe that real estate taxes are next due to be paid in May, 2011. I anticipate that the real estate tax bill to be paid at that time will be approximately $60,000 and that the Debtor will have sufficient funds on hand to make such payment.

13. Not only will the Debtor operate profitably as reflected in the Debtor's projections, but it is my belief that continued operation is the only manner of preserving the going-concern value of the enterprise. If the Debtor is not allowed to use cash collateral, the hotel operation would cease immediately, all current bookings and reservations would be lost, and all goodwill and going-concern value of the hotel would dissipate immediately.

14. In light of the foregoing, I believe that the economic value of the Debtor's property is enhanced significantly by continued operations and use of cash collateral. Not only will the Debtor's cash position be enhanced through continued operations, but the continued operation of the Debtor's hotel business is the only manner of preserving the going-concern value of the business. If the Debtor is not authorized to use cash collateral as requested in the Cash Collateral Motion, I believe that the Debtor will suffer immediate and irreparable harm to its business and to the value of its assets.

I declare under the penalty of perjury that the above statements are true.

        OLD COLONY, LLC

        By:

        /s/ Joseph Cuzzupoli
        Joseph Cuzzupoli
        Managing Member

Dated:  November 14, 2010.

# EXHIBIT A

**Inn at Jackson Hole Cash Forecast**

**Cash Flow / Budget Projections**

| Week | Week 1 | Week 2 | Week 3 | Week 4 | Week 5 | Week 6 | Week 7 | Week 8 | Week 9 | Week 10 | Week 11 | Week 12 | Week 13 | Week 15 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Date at Beginning of Week | 11-Oct | 18-Oct | 25-Oct | 1-Nov | 8-Nov | 15-Nov | 22-Nov | 29-Nov | 6-Dec | 13-Dec | 20-Dec | 27-Dec | 3-Jan | 10-Jan | |
| Cash (Beginning of Week) | 30,650 | 77,800 | 97,601 | 106,648 | 128,163 | 115,858 | 109,552 | 93,794 | 119,194 | 120,841 | 129,382 | 139,132 | 175,282 | 171,929 | |
| **Cash Receipts** | 47,150 | 19,801 | 33,745 | 33,431 | 17,892 | 14,426 | 29,742 | 50,000 | 40,000 | 40,000 | 40,000 | 50,000 | 50,000 | 50,000 | 516,187 |
| **Postpetition Obligations** | | | | | | | | | | | | | | | |
| Trash Removal | | | | | 400 | 609 | | | | 609 | | | | | 1,618 |
| Operating Supplies | | | | | 250 | 250 | 250 | 250 | 500 | 500 | 1,500 | 2,500 | 1,500 | 1,500 | 9,000 |
| Gas & Electric | | | | | 2,500 | 12,000 | | | 5,000 | | | | | 7,000 | 26,500 |
| Water & Sewer | | | | | 1,500 | | | | 2,200 | | | | | 2,900 | 6,600 |
| Laundry | | | 420 | 1,416 | 500 | 2,000 | | | 2,000 | | 2,000 | 3,000 | 2,000 | 2,000 | 15,336 |
| Website Bookings | | | 148 | | 3,000 | | | | 4,000 | | | | 4,000 | - | 11,148 |
| Payroll and Payroll Taxes | | | 14,639 | | 14,400 | | 10,500 | - | 18,200 | | 18,500 | | 25,900 | | 102,139 |
| Sales Tax | | | | | | | 30,500 | 4,000 | | 23,000 | | | 500 | - | 58,000 |
| Credit Card Commissions | | | | 4,000 | | | | 5,000 | | | | | 5,000 | | 14,000 |
| Contract Cleaning | | | 442 | 1,222 | 1,222 | 300 | | 1,500 | | 4,000 | 4,000 | 4,000 | 8,000 | 4,000 | 28,686 |
| Website/Advertising | | | 632 | 4,000 | 1,867 | 1,000 | 1,000 | 1,000 | 1,867 | 1,000 | 1,000 | 1,000 | 1,867 | 1,000 | 17,233 |
| Internet (Compunet) | | | 372 | | 808 | | | | | 808 | | | 808 | | 2,796 |
| Telephone | | | | | 500 | - | - | - | | 500 | - | - | | 500 | 1,500 |
| Cable TV | | | | 1,028 | | 1,028 | | | 1,028 | | | | 1,028 | | 4,112 |
| Hotel Management Fees | | | | - | - | 3,000 | - | | | 500 | | | | 7,500 | 11,000 |
| Travel Agent Commissions | | | | | 500 | | | | | | 100 | | | 600 | 1,200 |
| Health Insurance | | | | | 2,500 | | | | 2,500 | | | | 2,500 | | 7,500 |
| GL Property Insurance | | | 7,203 | | | | | 2,600 | | | | 2,600 | - | - | 12,403 |
| Maintenance & Repairs | | | 843 | | | 295 | 3,000 | | | 1,000 | 3,000 | | 3,000 | 1,000 | 12,138 |
| Miscellaneous | | | | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 2,750 |
| JH Air | | | | | | | | 10,000 | | | | | | | 10,000 |
| Total Expenditures | - | - | 24,698 | 11,916 | 30,197 | 20,732 | 45,500 | 24,600 | 38,353 | 31,459 | 30,250 | 13,850 | 53,353 | 30,750 | 355,658 |
| **Cash (End of Week)** | **77,800** | **97,601** | **106,648** | **128,163** | **115,858** | **109,552** | **93,794** | **119,194** | **120,841** | **129,382** | **139,132** | **175,282** | **171,929** | **191,179** | **191,179** |
| Date at end of Week | 17-Oct | 24-Oct | 31-Oct | 7-Nov | 14-Nov | 21-Nov | 28-Nov | 5-Dec | 12-Dec | 19-Dec | 26-Dec | 2-Jan | 9-Jan | 16-Jan | |

# EXHIBIT B

## Inn at Jackson Hole Cash Forecast
### Postpetitioned Obligations
### Old Colony - Accounting per Initial Cash Collateral

| Week | Budget Week 1 | Actual Week 1 | Budget Week 2 | Actual Week 2 | Budget Week 3 | Actual Week 3 | Budget Week 4 | Actual Week 4 | Budget Week 5 | Actual Week 5 | Budget Total | Actual Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Date at Beginning of Week | 11-Oct | 11-Oct | 18-Oct | 18-Oct | 25-Oct | 25-Oct | 1-Nov | 1-Nov | 8-Nov | 8-Nov | | |
| Cash (Beginning of Week) | 30,650 | 30,650 | 77,800 | 77,800 | 97,601 | 97,601 | 106,648 | 106,648 | 128,163 | 107,916 | 30,650 | 30,650 |
| **Cash Receipts** | 47,150 | 47,150 | 19,801 | 19,801 | 33,745 | 33,745 | 33,431 | 10,277 | 17,892 | 21,097 | 152,020 | 132,071 |
| **Postpetition Obligations** | | | | | | | | | | | | |
| Trash Removal | - | - | - | - | - | | | | 400 | 411 | 400 | 411 |
| Operating Supplies | - | - | - | - | - | | | | 250 | | 250 | - |
| Gas & Electric | - | - | - | - | - | | | | 2,500 | 2,277 | 2,500 | 2,277 |
| Water & Sewer | | | | | | | | | 1,500 | 1,339 | | |
| Laundry | - | - | - | - | 420 | 420 | 1,416 | 1,319 | 500 | | 2,336 | 1,739 |
| Website Bookings | - | - | - | - | 148 | 148 | | | 3,000 | 465 | 3,148 | 613 |
| Payroll and Payroll Taxes | - | - | - | | 14,639 | 14,638 | | | 14,400 | 15,564 | 29,039 | 30,203 |
| Sales Tax | - | | - | | - | | | | | | - | - |
| Credit Card Commissions | - | | - | | - | | 4,000 | 1,358 | | | 4,000 | 1,358 |
| Contract Cleaning | - | | - | - | 442 | 442 | 1,222 | 1,222 | 1,222 | 1,066 | 2,886 | 2,730 |
| Website/Advertising | - | - | - | - | 632 | 632 | 4,000 | 3,919 | 1,867 | 1,304 | 6,499 | 5,855 |
| Internet (Compunet) | - | - | - | - | 372 | 373 | | | 808 | 730 | 1,180 | 1,103 |
| Telephone | - | - | - | - | - | | | | 500 | | 500 | - |
| Cable TV | - | - | - | - | - | | 1,028 | 1,064 | | | 1,028 | 1,064 |
| Hotel Management Fees | - | - | - | - | - | | | | - | | - | - |
| Travel Agent Commissions | - | - | - | - | - | | | | 500 | 162 | 500 | 162 |
| Health Insurance | - | | - | | - | | | | 2,500 | 2,998 | 2,500 | 2,998 |
| GL Property Insurance | - | | - | | 7,203 | 7,204 | | | | | 7,203 | 7,204 |
| Maintenance & Repairs | - | - | - | - | 843 | 843 | | | | | 843 | 843 |
| Miscellaneous | - | - | - | - | - | - | 250 | 127 | 250 | | 500 | 127 |
| JH Air | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Expenditures | - | - | - | - | 24,699 | 24,699 | 11,916 | 9,008 | 30,197 | 26,317 | 66,812 | 60,024 |
| **Cash (End of Week)** | 77,800 | 77,800 | 97,601 | 97,601 | 106,648 | 106,648 | 128,163 | 107,916 | 115,858 | 102,697 | 115,858 | 102,697 |
| Date at end of Week | 17-Oct | | 24-Oct | | 31-Oct | | 7-Nov | | 14-Nov | | | |