UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
Eastern Division

| | |
|---|---|
| **In re:** <br><br> **OLD COLONY, LLC,** <br><br> **Debtor.** | **Chapter 11** <br><br> **Case No. 10-21100-HJB** |

**AGREED ORDER AUTHORIZING AND APPROVING
CONTINUED USE OF CASH COLLATERAL AND
GRANT OF ADEQUATE PROTECTION**

This matter initially came before the Court upon the *Motion For Order Authorizing And Approving Use Of Cash Collateral And Grant Of Adequate Protection* (the "Cash Collateral Motion") filed by Old Colony, LLC (the "Debtor"). The Court first granted relief in connection with the Cash Collateral Motion on an emergency interim basis pursuant to a stipulation filed jointly by the Debtor and Wells Fargo Bank, N.A. ("Wells Fargo") at an initial hearing on this matter conducted by the Court on October 15, 2010. Wells Fargo thereafter filed its *Objection Of Wells Fargo Bank, N.A. To Motion Of The Debtor-In-Possession For Authority To Use Cash Collateral* (the "Objection") on November 3, 2010. The Court conducted further hearings with respect to the Cash Collateral Motion on November 4, 2010 and November 15, 2010. At the hearing conducted on November 15, 2010, the parties informed the Court that there existed no agreement with respect to the continued use of cash collateral, and, thereupon, the Court scheduled an evidentiary hearing relating to the Cash Collateral Motion and the Objection.

The Court conducted an evidentiary hearing with respect to the Cash Collateral

Motion and the Objection which commenced on November 29, 2010 and which concluded on November 30, 2010 (the "Evidentiary Hearing"). At the Evidentiary Hearing, the Debtor was accorded the opportunity to present such evidence and argument as it believed appropriate in support of the relief requested in the Cash Collateral Motion, and Wells Fargo was accorded the opportunity to cross-examine witnesses presented by the Debtor and to present such additional evidence which it believed appropriate in support of the Objection.

At the conclusion of the aforesaid hearing on November 30, 2010, the Court made various findings of fact and rulings of law on the record, including the following:

   a. The Debtor owns and operates (through, and with the assistance of an independent management company) an 83-room resort hotel property located in Jackson Hole, Wyoming which is known and operated as The Inn At Jackson Hole (the "Inn").

   b. Wells Fargo asserts a first priority mortgage interest in the real property occupied by the Inn, and further asserts a first priority security interest in other assets of the Debtor, including cash, and all rents, revenues and other income of the Inn.

   c. For the purposes of the Evidentiary Hearing only, the Debtor stipulated that Wells Fargo was due the amount of $17,783,019.99 as of the Petition Date.

   d. A junior secured interest in the Debtor's assets is asserted by JH Lending Trust. JH Lending Trust has not objected to the Debtor's proposed use of cash collateral.

   e. The evidence presented by the Debtor supported its contention that the Debtor's cash position would improve during the post-petition period through February

27, 2011 as forecast by the Debtor and as reflected in Exhibit D3 (the "Operating Budget").

f. Based upon the evidence presented by the Debtor, including testimony regarding the bases of the projections reflected in the Operating Budget and the Debtor's post-petition operating results, the Court found it more likely than not that the Debtor would be able to achieve the projections forecast in the Operating Budget.

In light of its findings, the Court ruled that the interest of Wells Fargo in its asserted cash collateral was adequately protected by the continuing security interest in the Debtor's post-petition cash receipts. The Court authorized the Debtor to use cash collateral in accordance with the Operating Budget and granted to Wells Fargo and JH Lending Trust post-petition security interests (the "Adequate Protection Liens") in the same types of post-petition property of the estate (the "Post-Petition Collateral") against which Wells Fargo and JH Lending Trust held liens as of the Petition Date (the "Pre-Petition Collateral"). The Adequate Protection Liens maintain the same priority, validity and enforceability as the pre-petition liens of Wells Fargo and JH Lending Trust. The Adequate Protection Liens shall be recognized, however, only to the extent of any diminution in value of the interest of Wells Fargo or JH Lending Trust in cash collateral after the Petition Date resulting from the Debtor's use of the Cash Collateral during this Chapter 11 case. The Adequate Protection Liens shall not cover any cause of action or proceeds thereof recovered pursuant to Chapter 5 of the Bankruptcy Code. Additionally, the Court imposed certain weekly financial reporting requirements which required the Debtor to provide weekly reports to Wells Fargo and the United States Trustee detailing the cash receipts for the prior week, the Debtor's actual performance for the week

compared to the Operating Budget projections, and a schedule of all outstanding checks or payments issued by the Debtor identifying the line item within the Operating Budget to which they relate.

On January 24, 2011, at the request of the Debtor, and with the assent of Wells Fargo, the Court entered an Order granting the relief requested in the Debtor's *Assented To Motion For Order Concerning Revision Of Cash Collateral Operating Budget* (the "Budget Revision Motion"), which allowed for the revision of the Operating Budget (the revised budget projections referred to as the "January Revised Budget"), and which augmented the Debtor's weekly reporting requirements.

In advance of the expiration of the previously authorized period for use of cash collateral, the Debtor and Wells Fargo reviewed relevant information regarding the Debtor's post-petition operations, including the Debtor's newly-prepared draft cash flow projections through September 2011, and agreed upon the terms of the Debtor's continued use of cash collateral through April 30, 2011. In connection with such agreement, the Debtor and Wells Fargo jointly participated in the formulation of the within Agreed Order, and consent to its entry.

In light of the foregoing, it is hereby ORDERED, ADJUDGED and DECREED that:

1. The Court hereby confirms its prior authorizations for the Debtor's use of cash collateral and the grant of Adequate Protection Liens all as set forth in detail in the foregoing recitals. Other than as specifically set forth herein, the parties reserve any and all rights they each may have under applicable provisions of the Bankruptcy Code.

2. The Debtor is hereby authorized to use cash collateral in the course of its

business operations consistent with the Spring Budget Projections attached hereto as Exhibit A through April 30, 2011. Except as may be approved by further Order of this Court, or agreed in writing between the Debtor and Wells Fargo, the Debtor shall not pay any costs or expenses not specified in the Spring Budget Projections, and shall not pay any single itemized expense which is in excess of 110% of the amount set forth in the Spring Budget Projections, whether by line item, category, or in the aggregate.

    3. The Adequate Protection Liens previously approved by the Court shall remain in full force and effect in the Post-Petition Collateral against which Wells Fargo and JH Lending Trust held liens as of the Petition Date in the Pre-Petition Collateral. The Adequate Protection Liens shall maintain the same priority, validity and enforceability as the pre-petition liens of Wells Fargo and JH Lending Trust, shall be recognized only to the extent of any diminution in value of the interest of Wells Fargo or JH Lending Trust in cash collateral after the Petition Date resulting from the Debtor's use of the Cash Collateral during this Chapter 11 case. Notwithstanding anything contained herein, the Adequate Protection Liens shall not cover any cause of action or proceeds thereof recovered pursuant to Chapter 5 of the Bankruptcy Code.

    4. By no later than Tuesday of each week, the Debtor shall furnish to Wells Fargo and to the Office of the United States Trustee, a report which sets forth in reasonable detail:

    a.    total cash receipts for the prior week;

    b.    comparison of the Debtor's actual performance during the prior week with the Spring Budget Projections; and

c.  a schedule of all outstanding checks or payments issued by the Debtor identifying the line item within the Spring Budget Projections to which they relate.

d.  comparison of the Debtor's actual performance during the prior week with the Spring Budget Projections; and

e.  a schedule of all outstanding checks or payments issued by the Debtor identifying the line item within the Spring Budget Projections to which they relate.

f.  the amount of the then existing guest advance deposits, and

g.  the Debtor's anticipated cost of ski lift tickets not yet purchased relating to the respective guest receipts.

5.  As additional adequate protection for the use of Wells Fargo's alleged cash and non-cash collateral, the Debtor shall pay to Wells Fargo the amount of $40,000 on March 1, 2011 and April 1, 2011 (an aggregate amount of $80,000 during the period through April 30, 2011).

6. Hearing on the further use of cash collateral is set for April 28, 2011 at 2pm in Boston by videoconference.

Entered this 23rd day of February, 2011.

/s/ *[signature]*

---
Hon. Henry J. Boroff
U.S. Bankruptcy Judge

6