UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>**OLD COLONY, LLC,**<br><br>　　　　　　Debtor. | Case No. 10-21100-HJB<br><br>Chapter 11 |

**STIPULATION REGARDING SCHEDULING FOR HEARINGS ON VALUATION
AND DISCLOSURE STATEMENT**

THIS STIPULATION is made this 31st day of August 2011, by and between the Debtor and Debtor in Possession, Old Colony, LLC ( the "Debtor"), its co-plan proponent, Molokai Partners, LLC ("Molokai"), and Wells Fargo Bank, N.A., successor in interest to The Jackson State Bank & Trust ("Wells Fargo"), concerning the proposed Joint Plan of Reorganization Under Chapter 11 of the United States Bankruptcy Code submitted by the Debtor and Molokai (the "Plan").

**BACKGROUND**

WHEREAS, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on October 11, 2010; and

WHEREAS, on July 1, 2011, the Debtor and Molokai filed the Plan and the proposed Disclosure Statement for Joint Plan of Reorganization (the "Disclosure Statement"). Among other statements contained within these materials, the Debtor and Molokai assert that the market value of the real estate owned by the Debtor is $9,000,000; and

WHEREAS, Wells Fargo believes that the value of the real estate owned by the Debtor is significantly in excess of $9,000,000; and

WHEREAS, on July 12, 2011, the Debtor filed a motion requesting the scheduling of a hearing to consider the adequacy of the Disclosure Statement and the entry of an order approving the proposed Disclosure Statement and, on July 25, 2011, Wells Fargo filed a limited objection to that motion asserting that the consideration of the Disclosure Statement would proceed more efficiently if the dispute over the value of the real estate owned by the Debtor were resolved before a hearing is held on the approval of the Disclosure Statement; and

WHEREAS, in accordance with MLRB 3017-1, Wells Fargo has informed the plan proponents of additional issues relating to the Disclosure Statement and discussed those issues with the Debtor and Molokai on August 17, 2011; and

WHEREAS, as a result of the discussion on August 17, 2011, the Debtor and Molokai have agreed to make certain amendments to the Disclosure Statement; and

WHEREAS, the parties have engaged in discussions regarding the desirability and timing of a valuation hearing, and have reached an agreement relating to a schedule of deadlines and events to be jointly recommended to the Court to assist the parties and the Court in the determination of valuation and other issues relevant to the Disclosure Statement, the Plan and Plan confirmation; and

WHEREAS, the Debtor and Wells Fargo have also reached agreement with respect to the continued use of cash collateral for a period which allows for the implementation of the proposed schedule (which such agreement shall be separately documented and submitted to the Court for approval); and

WHEREAS, substantially contemporaneously herewith, Wells Fargo shall file a Motion For Valuation of Claim requesting that the Court establish the amount of Wells Fargo's secured

claim and, if applicable, any related unsecured, deficiency claim relating thereto (the "Valuation Motion"); and

WHEREAS, in an effort to conduct an orderly process to consider the Disclosure Statement, the Debtor, Molokai, and Wells Fargo have reached an agreement concerning certain deadlines and events.

NOW, THEREFOR, subject to this Court's approval of this Stipulation, it is hereby stipulated and agreed by and between the Debtor, Molokai, and Wells Fargo as follows:

1. The parties shall request that the Court conduct an evidentiary hearing on the Valuation Motion on October 19, 2011, or at such time thereafter as the Court's calendar may permit (the "Valuation Hearing").

2. The parties shall disclose the identity of the expert witnesses who will testify at the Valuation Hearing and shall exchange the report for each such witness required under Fed. R. Bankr. P. 7026(a)(2) (which shall be deemed applicable to this contested matter under Fed. R. Bankr. P. 9014), on or before September 16, 2011 at 4:30 p.m. The parties shall also exchange documents on which each such witness relied to reach the conclusions expressed in the report on or before September 16, 2011 (except such reference material that is freely available or a public record, in which case, such reference material need only be identified). No rebuttal reports shall be required and no rebuttal expert witnesses shall be permitted to testify, except that the expert witnesses identified by the parties on or before September 16, 2011 shall be permitted to testify in rebuttal at the Valuation Hearing.

3. To the extent that a party wishes to conduct a deposition of any expert witness identified in accordance with the preceding paragraph, all such depositions will be conducted during the period from September 20, 2011 through October 5, 2011.

4. The parties shall exchange a list of witnesses and proposed exhibits for the Valuation Hearing, along with a copy of each proposed exhibit, on or before October 12, 2011 at 4:30 p.m.

5. The parties may commence fact discovery concerning the issues presented by the Valuation Motion immediately, but the deadline for serving interrogatories, requests for production of documents, and requests for admissions shall be September 7, 2011 and all such discovery, including non-expert depositions, shall be completed no later than October 5, 2011.  To the extent that interrogatories, requests for production of documents, and requests for admissions are served via electronic mail on a business day prior to 4:30 p.m., the deadline for parties to provide responses (including responsive documents) to those discovery requests shall be twenty-eight days.  To the extent that the report of an expert witness raises issues of fact, a party may serve further discovery requests concerning those issues on or before September 23, 2011, and the party receiving such discovery requests will be required to provide responses to them on or before October 7, 2011.

6. The deadline for the Debtor and Molokai to file an amended Plan and Disclosure Statement shall be fourteen days after the Court rules as to the value of Wells Fargo's claim(s) pursuant to the Valuation Motion.

7. In conjunction with the approval of this stipulation, the parties shall request that the Court reschedule the hearing on approval of the Disclosure Statement to a date subsequent to the filing of any Plan and/or Disclosure Statement amendments as contemplated in Paragraph 6 above, providing sufficient time for compliance with requisite notice pursuant to applicable rules.

                    **OLD COLONY, LLC**

                    By its counsel,

Dated: August 31, 2011        /s/ Donald F. Farrell, Jr.
                    Donald F. Farrell, Jr. (BBO # 159580)
                    ANDERSON AQUINO LLP
                    240 Lewis Wharf
                    Boston, Massachusetts 02110
                    (617) 723-3600
                    dff@andersonaquino.com

                    **MOLOKAI PARTNERS, LLC**

                    By its Attorneys,

Dated: August 31, 2011        /s/ James M. Liston (w/permission)
                    James M. Liston (BBO # 301750)
                    BARTLETT HACKETT FEINBERG P.C.
                    155 Federal Street
                    Boston, Massachusetts 02110
                    (617) 422-0200
                    jml@bostonbusinesslaw.com

                    **WELLS FARGO BANK, N.A.**

                    By its Attorneys,

Dated: August 31, 2011        /s/ Jeffrey D. Ganz (w/permission)
                    Jeffrey D. Ganz (BBO #564375)
                    jganz@riemerlaw.com
                    RIEMER & BRAUNSTEIN LLP
                    Three Center Plaza
                    Boston, Massachusetts 02108
                    (617) 523-9000