## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>OLD COLONY, LLC,<br><br>      Debtor | Case No. 10-21100-HJB<br><br>Chapter 11 |

### MOTION OF WELLS FARGO BANK, N.A. FOR VALUATION OF CLAIM

Wells Fargo Bank, N.A., successor in interest to The Jackson State Bank & Trust ("Wells Fargo"), by and through its undersigned attorneys, hereby moves, pursuant to Section 506(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 3012, for an order determining the value of its secured claim and, if applicable, any related unsecured, deficiency claim. Because of allegations of the value of Wells Fargo's claim contained in the proposed Disclosure Statement for Joint Plan of Reorganization (the "Disclosure Statement") filed by Old Colony, LLC (the "Debtor"), a valuation of such claim is a necessary step *before* the Debtor seeks approval of the Disclosure Statement and confirmation of the proposed Joint Plan of Reorganization (the "Plan"). In support of this Motion, Wells Fargo respectfully states as follows:

    1.    Based on the information contained in the Disclosure Statement, Wells Fargo and the Debtor have radically different beliefs concerning the value of the Debtor's real property. The Debtor appears to believe that the real property has a value of $9,000,000 and Wells Fargo believes the actual value significantly exceeds that figure. The valuation of that property will have a significant impact on the Plan, the amount of Wells Fargo's allowed secured claim, whether Wells Fargo makes the election available to it under Section 1111(b) of the Bankruptcy Code, and, ultimately, the feasibility of the Plan.

1363508.2

2.  Section 506(a)(1) of the Bankruptcy Code provides:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C. § 506(a)(1).

3.  Pursuant to Federal Rule of Bankruptcy Procedure 3012, the court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct. Fed. R. Bankr. P. 3012.

4.  In accordance with Section 506(a)(1) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 3012, Wells Fargo seeks to have this Court determine the value of its secured claim and, if applicable, any related unsecured, deficiency claim. As set forth in the Stipulation Regarding Scheduling for Hearings on Valuation and Disclosure Statement [Docket No. 92] (the "Stipulation"), filed contemporaneously herewith, Wells Fargo and the proponents of the Plan, the Debtor and Molokai Partners, LLC, have agreed on a schedule that would allow the determination of this Motion in advance of any further proceedings concerning the Disclosure Statement and Plan. As a matter of fairness and in the interests of all parties and the Court, resolving the value of the Debtor's real property and in connection therewith Wells Fargo's claim prior to holding the hearing on the Disclosure Statement will best serve an orderly process for consideration of the Disclosure Statement.

5.  As set forth in the Stipulation, the parties seek to have an evidentiary hearing on this Motion on October 19, 2011 or as soon thereafter as this Court's calendar permits. The Stipulation also contains numerous other agreed upon dates for delivery of reports and other documents in preparation for the hearing.

WHEREFORE, Wells Fargo requests (i) that this Court schedule a hearing on and determine the valuation of the Debtor's real property and Wells Fargo's claim on October 19, 2011 or as soon thereafter as this Court's calendar permits and (ii) for such other and further relief as the Court deems just and equitable.

Dated: August 31, 2011                                         Respectfully submitted,

                                                               WELLS FARGO BANK, N.A.

                                                               By its attorneys,
                                                               RIEMER & BRAUNSTEIN, LLP


                                                               */s/ Jeffrey D. Ganz*
                                                               Jeffrey D. Ganz
                                                               RIEMER & BRAUNSTEIN LLP
                                                               3 Center Plaza
                                                               Boston, MA 02108
                                                               617-880-3568
                                                               jganz@riemerlaw.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>OLD COLONY, LLC,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 10-21100-HJB |

## **CERTIFICATE OF SERVICE**

I, Jeffrey D. Ganz, certify that I caused to be served on August 31, 2011, a true and correct copy of the ***Motion of Wells Fargo Bank, N.A. for Valuation of Claim*** to be served via the CM/ECF system to all registered users appearing in this case.

- Eric K. Bradford      Eric.K.Bradford@USDOJ.gov
- Donald F. Farrell     dff@andersonaquino.com
- John Fitzgerald      USTPRegion01.BO.ECF@USDOJ.GOV
- James M. Liston     jml@bostonbusinesslaw.com, ekf@bostonbusinesslaw.com
- Steven A. Ross      sross@gmr-law.com, epotter@gmr-law.com


*/s/ Jeffrey D. Ganz*
Jeffrey D. Ganz
RIEMER & BRAUNSTEIN LLP
3 Center Plaza
Boston, MA 02108
617-880-3568
jganz@riemerlaw.com

1363508.2